UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD, | No. 2:15-cv-1728 CKD P |
| Petitioner, | |
| v. | ORDER AND |
| NEVADA SOUTHERN DETENTION CENTER, et al., | FINDINGS AND RECOMMENDDATIONS |
| Respondents. | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. §2241 together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner is proceeding pro se in 2:12-cr-0154 JAM, a criminal matter pending in this court. In his petition, petitioner asks the court to order officials at his prison, the Nevada Southern Detention Center, to provide him with 5-7 hours of law library access daily so that he may conduct research with respect to his case.

/////

1

While federal courts have jurisdiction to hear § 2241 petitions brought by federal pretrial detainees, courts should abstain from the exercise of that jurisdiction if the issues raised may be resolved in the pending criminal case.  See Fay v. Noia, 372 U.S. 391, 417-20 (1963).  Also, unless there are exceptional circumstances, § 2241 relief is only available if all other available judicial remedies have been exhausted.  Jones v. Perkins, 245 U.S. 390, 391-92 (1918).

Petitioner fails to point to anything suggesting his issues concerning the law library cannot be resolved in his criminal case and there do not appear to be exceptional circumstances justifying a waiver of the exhaustion requirement.[1]  In any case, petitioner fails to point to anything suggesting his federal rights are being denied in anyway by the amount of access to the law library that he has received or is receiving.  The overwhelming number of motions, requests and the like filed in 2:12-cr-0154 JAM suggests he is receiving more than adequate access.  Further, petitioner was appointed advisory counsel on February 6, 2015 and nothing suggests his ability to consult with advisory counsel is improperly limited.

For these reasons, the court will recommend that petitioner's § 2241 petition for a writ of habeas corpus be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis (ECF No. 5) is granted; and

2. The Clerk of the Court is directed to assign a district court judge to this case.

IT IS HERBY RECOMMENDED that petitioner's application for writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

---

[1] The court notes that in 2:12-cr-0154 JAM, the court has ordered that no further motions be filed until further notice from the court.  This appears to be in response to the hundreds of frivolous motions filed by petitioner amounting to severe abuse of judicial process the likes of which are rarely seen in this court.  However, nothing suggests petitioner cannot request more law library access the next time he appears in court or when the court lifts the filing limitation.

Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See 28 U.S.C. § 2253. Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 3, 2015

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mehm1728.fnrs

3